United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Gregory L Knaus  
LeeAnne Knaus  
    Debtors

Case No. 18-14145-ref  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-4     User: Lisa     Page 1 of 1     Date Rcvd: Dec 13, 2018  
                     Form ID: pdf900    Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 15, 2018.  
db/jdb        Gregory L Knaus,    LeeAnne Knaus,    5040 Faith Circle,    Allentown, PA   18106-9499

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
cr            +E-mail/PDF: gecsedi@recoverycorp.com Dec 14 2018 03:14:15        Synchrony Bank,  
       c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021  
                                                                                                                                                               TOTAL: 1

          ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                                                     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 15, 2018                                        Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 13, 2018 at the address(es) listed below:

         GEORGE M. LUTZ    on behalf of Debtor Gregory L Knaus glutz@hvmllaw.com,  
          amerkey@hvmllaw.com;r49419@notify.bestcase.com  
         GEORGE M. LUTZ    on behalf of Joint Debtor LeeAnne  Knaus glutz@hvmllaw.com,  
          amerkey@hvmllaw.com;r49419@notify.bestcase.com  
         KEVIN G. MCDONALD    on behalf of Creditor     Wilmington Savings Fund Society, FSB, D/B/A  
          Christiana Trust, et al. bkgroup@kmllawgroup.com  
         REBECCA ANN SOLARZ    on behalf of Creditor     Wilmington Savings Fund Society, FSB, D/B/A  
          Christiana Trust, et al. bkgroup@kmllawgroup.com  
         United States Trustee     USTPRegion03.PH.ECF@usdoj.gov  
         WILLIAM  MILLER*R    ecfmail@FredReigleCh13.com,    ECF_FRPA@Trustee13.com  
         WILLIAM  MILLER*R    on behalf of Trustee WILLIAM  MILLER*R ecfemail@FredReigleCh13.com,  
          ECF_FRPA@Trustee13.com  
                                                                                                                               TOTAL: 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LeeAnne Knaus<br>Gregory L. Knaus<br>    Debtors | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, d/b/a<br>Christiana Trust, not individually but as trustee for<br>Pretium Mortgage Acquisition Trust<br>    Movant<br>vs. | NO. 18-14145 REF |
| LeeAnne Knaus<br>Gregory L. Knaus<br>    Debtors | 11 U.S.C. Section 362 |
| William C. Miller, Trustee<br>    Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$5,127.95,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | September 2018 to November 2018 at $1,379.39/month |
| Suspense Balance: | $41.22 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$5,127.95** |

2. The Debtors shall cure said arrearages in the following manner:

   a). Within seven (7) days of the filing of this Stipulation, Debtors shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$5,127.95.**

   b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$5,127.95** along with the pre-petition arrears;

   c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due December 1, 2018 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,379.39 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtors provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:    November 13, 2018

/s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz,, Esquire
Attorney for Movant

Date:    November 13, 2018

George M. Lutz, Esquire
George M. Lutz, Esquire
Attorney for Debtors

Date:    12/11/18

William C. Miller, Esquire
Chapter 13 Trustee

Approved by the Court this **13** day of **December**, 2018.   However, the court retains discretion regarding entry of any further order.

_____

Bankruptcy Judge
Richard E. Fehling